846 F.2d 70
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bonnie B. CURREY, Plaintiff-Appellant,
v.
E.I. DUPONT DENEMOURS AND COMPANY, Defendant-Appellee.
 No. 86-2076.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 30, 1987.
Decided April 14, 1988.
 
 Bonnie B. Currey, appellant pro se.
 George G. Guthrie, Spilman, Thomas, Battle & Klostermeyer, for appellee.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Bonnie Currey filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. alleging that E.I. DuPont de Nemours and Co. (Dupont) discriminated against her based on her sex and retaliated against her for filing an employment discrimination claim.
 
 
 2
 In 1960 Currey was hired by Dupont as a clerk typist at its Washington Works Plant. In 1966 Currey was promoted to production clerk in the Accounting Division. From February 1970 until October 1973 Currey was employed as a cost clerk which was a level 6 position. In 1973, while undergoing reorganization, Dupont announced the addition of five new accounting clerk positions. Currey was among the fifteen applicants found qualified for the position; however, she was not one of the five chosen for promotion. Three males and two females where promoted to accounting clerk, which was a level 8 position. Under the reorganization plan Dupont reclassified Currey's cost clerk position to an accounting clerk. One of the newly promoted male accounting clerks was moved to Currey's position, and Currey was laterally transferred to another level 6 clerk position.
 
 
 3
 In 1973 Currey filed a complaint with the West Virginia Human Rights Commission (Commission) asserting that Dupont had discriminated against her based on sex by not giving her a promotion and by failing to pay her the same amount as men received. During her hearing before the Commission Currey also introduced evidence that Dupont had retaliated against her for filing her employment discrimination complaint. The Commission concluded that Dupont's hiring procedure was unfair and found in favor of Currey. The Commission also found that Dupont had not retaliated against Currey. Currey petitioned the Circuit Court of Kanawha County for judicial review of the order, challenging the adequacy of the back pay award. Dupont also petitioned for judicial review. The Circuit Court found that Currey failed to make out a prima facie case and reversed the judgment of the Commission. The Circuit Court's decision was affirmed on appeal to the West Virginia Supreme Court of Appeals.
 
 
 4
 In 1982, during the pendency of her claim before the Commission, Currey filed this complaint in federal court asserting that Dupont discriminated against her because of her sex and retaliated against her. Initially the district court stayed the federal proceedings; however, in 1986 the court dismissed the action without prejudice. Currey appealed. On appeal Currey asserts that the district court improperly dismissed her complaint because the claims brought in federal court were distinct from the state court claims in that they focused on continued acts of discrimination and retaliation by the defendant. Although the district court dismissed this complaint without prejudice, Currey is precluded from refiling her complaint due to the Title VII time limits. The propriety of the dismissal thus turns on whether Currey has thereby been prevented from pursuing any viable federal claim.
 
 
 5
 Federal courts are required to give state decisions the same preclusive effect state court would give the decision. See 28 U.S.C. Sec. 1738; Kremer v. Chemical Construction Co., 456 U.S. 461 (1982). The doctrines of collateral estoppel and res judicata both apply under Sec. 1738. Kremer, supra, at 481-82 n. 22. Thus " 'a party cannot escape the requirements of full faith and credit and res judicata by asserting its own failure to raise matters clearly within the scope of a prior proceeding.' " Kremer, supra, at 465 n. 4 (quoting Underwriters National Assurance Co. v. North Carolina Life & Accident & Health Ins. Guaranty Association, 455 U.S. 691, 710 (1982)).
 
 
 6
 Both of Currey's claims were the subject of proceedings before the Commission. Currey had the opportunity to present both of the claims in state court but failed to pursue the retaliation claim. Nevertheless, the doctrine of res judicata bars Currey from presenting her retaliation claim at this point.
 
 
 7
 Finding that litigation of Currey's Title VII claims is precluded under 28 U.S.C. Sec. 1738, we affirm the district court's dismissal of the action. Pursuant to 28 U.S.C. Sec. 2106, however, we modify the dismissal to reflect that it is with prejudice. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 8
 AFFIRMED AS MODIFIED.